# IN RE MICHELLE G.*
## (AC 18109)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued October 27, 1998—officially released March 9, 1999

*Duane Totten*, for the appellant (applicant).

*James H. Howard*, for the appellee (guardian).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

HENNESSY, J. The applicant appeals from the judgment rendered by the Superior Court for Juvenile Matters dismissing his application for reinstatement as guardian of the person of the minor child, Michelle G. The applicant claims that the Superior Court improperly found that it lacked jurisdiction to grant the relief requested because he is not a parent or former guardian of Michelle G. as required by General Statutes § 45a-611.[1]

The following facts and procedural history are relevant to this appeal. The applicant and L were married prior to the time that L gave birth to Michelle G. on September 5, 1994. Michelle G. was hospitalized after her birth. The department of children and families placed Michelle G. with her maternal grandmother upon the child's release from the hospital. Michelle G. never lived with her biological mother or the applicant.

On March 23, 1995, the Probate Court for the district of Manchester removed Michelle G.'s mother as guardian, finding that the mother had abandoned the child. During the same proceedings, the applicant consented

---

[1] General Statutes § 45a-611 provides: "(a) Any parent who has been removed as the guardian of the person of a minor may apply to the court of probate which removed him or her for reinstatement as the guardian of the person of the minor, if in his or her opinion the factors which resulted in removal have been resolved satisfactorily.

"(b) In the case of a parent who seeks reinstatement, the court shall hold a hearing following notice to the guardian, to the parent or parents and to the minor, if over twelve years of age, as provided in section 45a-609. If the court determines that the factors which resulted in the removal of the parent have been resolved satisfactorily, the court may remove the guardian and reinstate the parent as guardian of the person of the minor, if it determines that it is in the best interests of the minor to do so. At the request of a parent, guardian, counsel or guardian ad litem representing one of the parties, filed within thirty days of the decree, the court shall make findings of fact to support its conclusions.

"(c) The provisions of this section shall also apply to the reinstatement of any guardian of the person of a minor other than a parent."

to his removal as guardian. The Probate Court appointed the maternal grandmother guardian of Michelle.

The applicant thereafter applied to the Probate Court to reinstate him as guardian of Michelle G. pursuant to § 45a-611. On November 8, 1996, the Probate Court denied the applicant's application because he had been excluded from paternity as a result of a DNA analysis.[2] On December 5, 1996, the Probate Court also ordered that the previous order granting the applicant visitation be rescinded because he had been excluded from paternity.

On August 27, 1997, the applicant filed another application for reinstatement of his guardianship with the Probate Court. In addition, the applicant filed a motion to have the matter transferred to the Superior Court pursuant to General Statutes § 45a-623. That motion was granted. On January 29, 1998, after a hearing, the Superior Court dismissed the application for lack of jurisdiction. On February 18, 1998, the applicant appealed to this court.

The applicant claims that the Superior Court improperly dismissed his application for lack of jurisdiction because it concluded that the applicant was neither a parent nor a former guardian and, therefore, did not have standing to apply for reinstatement as a guardian under § 45a-611.

In determining that the applicant was not a parent or former guardian, the Superior Court relied solely on the findings of the Probate Court and representations

---

[2] On December 9, 1996, the applicant appealed from the Probate Court's November 8, 1996 denial of his application. During the Superior Court's January 29, 1998 hearing, all parties agreed that the appeal was untimely. Therefore, the only action before the Superior Court was the applicant's August 27, 1997 application for reinstatement as guardian and not an appeal on the original motion.

made by counsel. Thus, the issue before us is whether it was proper for the Superior Court to rely solely on the Probate Court's findings and on representations made by counsel to determine whether the applicant was a parent or a former guardian and, therefore, would have standing to apply for reinstatement as a guardian pursuant to § 45a-611.

Section 45a-611 allows any parent who has been removed as the guardian of the person of a minor, or any guardian, whose guardianship rights were previously removed, to apply for reinstatement as guardian of the person of a minor. Therefore, to have standing to apply for reinstatement pursuant to § 45a-611, the person applying must be either a parent or a former guardian.

"The question of standing implicates a court's subject matter jurisdiction and, as such, may be raised at any time during the proceedings. . . . *Housing Authority* v. *Local 1161*, 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984)." (Internal quotation marks omitted.) *Weidenbacher* v. *Duclos*, 234 Conn. 51, 54 n.4, 661 A.2d 988 (1995). "[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." *Daley* v. *Hartford*, 215 Conn. 14, 27–28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990).

We note, however, that "[w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . . *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 695–96, 600 A.2d 1019 (1991)." (Internal quotation marks omitted.) *Weidenbacher* v. *Duclos*, supra, 234 Conn. 54 n.5. In addition, "it is well settled that statements of counsel

are not evidence. *State* v. *Roman*, 224 Conn. 63, 68, 616 A.2d 266 [1992], cert. denied, 507 U.S. 1039, 113 S. Ct. 1868, 123 L. Ed. 2d 488 [1993]; *State* v. *Tillman*, 220 Conn. 487, 496, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992)." *State* v. *Sauris*, 227 Conn. 389, 404, 631 A.2d 238 (1993).

The applicant claims that even if the results of the DNA test preclude him from being declared Michelle G.'s biological father, he remains her parent because, under Connecticut law, a validly married couple who have a child born to them during the marriage are deemed to be the parents and therefore the guardians of that child, and the subsequent removal of his guardianship does not result in the termination of his parental rights. Section 45a-611 (a) provides that "[a]ny parent who has been removed as the guardian . . . of a minor, may apply . . . for reinstatement as the guardian . . . ." General Statutes § 45a-604 (3) defines "parent" as "a mother . . . or a 'father' as defined in subdivision (2) of this section . . . ." Section 45a-604 (2) defines father as "(A) a man who is a father under the law of this state; and (B) a man determined to be a father under chapter 815y."[3]

The trial court relied solely on the findings of the Probate Court that the applicant was not the biological father of Michelle G. Specifically, the Superior Court stated that "[t]he Probate Court did make a finding and was undoubtedly persuaded by the results of the paternity test, which I certainly think rebut the presumption [that a child born in the course of a legally valid marriage is the issue of that marriage]. Since the issue of guardianship derived only from his putative fatherhood . . . once it is established that he is not the father . . . there's no legal basis to restore that

---

[3] Chapter 815y, General Statutes § 46b-160 et seq., deals with paternity matters.

guardianship."[4] There is nothing in the transcript from the proceedings indicating that the Superior Court held an evidentiary hearing relating to the applicant's claim that he remains a father under the laws of the state.

In addition, the Superior Court and all parties agreed that the action before the court was not an appeal from the Probate Court's November 8, 1996 denial of the applicant's application for reinstatement as guardian. An appeal from the November 8, 1996 decision was not timely, and the Superior Court and the parties were in agreement that what was before the court was a second application by the applicant for reinstatement of his guardianship rights. As such, the applicant was entitled to an independent hearing by the Superior Court to address the issues raised in the August 27, 1997 application for reinstatement. The applicant should have the opportunity to contradict the propriety and the validity of the DNA test, if he so chooses.

The applicant next claims that he was clearly the guardian of Michelle G. from her birth on September 5, 1994, until he was removed as guardian by consent on March 23, 1995. Section § 45a-611 (c) applies "to the reinstatement of any guardian of the person of a minor other than a parent." Section 45a-604 (6) provides: " 'Guardian' means one who has the authority and obligations of 'guardianship' defined in subdivision (5) of this section . . . ." Section 45a-604 (5) provides: " 'Guardianship' means guardianship of the person of a minor, and includes: (A) The obligation of care and control; and (B) the authority to make major decisions affecting the minor's welfare, including, but not limited to, consent determinations regarding marriage, enlistment in the armed forces and major medical, psychiatric or surgical treatment . . . ."

---

[4] We note, however, that the Superior Court stated that "[i]t does not appear that the paternity test was entered in evidence in the Probate Court."

The Superior Court relied on the finding of the Probate Court to determine that, because the DNA analysis subsequently showed that the applicant was not the biological father of Michelle G., the applicant was not a former guardian. Specifically, the Superior Court stated, "I understand but the court apparently found that the only basis of his guardianship was that he was presumed to be the father of the child because the child was born during the course of a legal marriage and you take that away and there's no basis for his guardianship, plus you have the fact that the child's been with the grandmother [since birth]."

The fact that it was subsequently determined by the Probate Court that the applicant was not Michelle G.'s biological father does not show that, during the time when she was presumed to be his issue, the applicant was not her guardian. In fact, the definition of guardian in § 45a-604 does not require a guardian to be a parent. The transcript before us contains a series of colloquies between the attorneys and the court that include the applicant's allegations that he is named as the father on the birth certificate, that he maintained visitation with Michelle G. regularly for about two years until his visitation was rescinded and that he maintained health insurance for her. Nothing in the transcript indicates, however, that the parties had the opportunity to present evidence and to cross-examine adverse witnesses.

Because there are issues of fact necessary to the determination of the Superior Court's jurisdiction, and there is nothing in the transcript of the proceedings before the Superior Court indicating that there was an evidentiary hearing relating to the applicant's claims, which were contested by the maternal grandmother, we conclude that due process requires that the Superior Court conduct an evidentiary hearing to determine whether the applicant is a father under the laws of this state or a former guardian.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.