STATE OF CONNECTICUT *v.* JOE ALAMO
(AC 19059)

Schaller, Hennessy and Daly, Js.

Argued November 30, 1999—officially released April 4, 2000

*H. Jeffrey Beck*, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius Kelly*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Joe Alamo, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). On appeal, the defendant claims that he is entitled to a new trial because the prosecutor committed prosecutorial misconduct during his closing argument. We decline to review this claim.

The alleged prosecutorial misconduct involves comments on facts not in evidence. The prosecutor commented that the hearing impaired victim's exaggerated gestures and facial expressions during her testimony are common for people who are hearing impaired.[1] In addition, the defendant argues that the prosecutor's closing argument impermissibly burdened the defendant's constitutional right to testify on his own behalf. To support this claim, the defendant points to the prosecutor's comment that by the time the defendant took the witness stand at trial, identification was not an issue due to the strength of the state's DNA evidence

---

[1] Prior to the closing of the state's evidence, the prosecutor attempted to offer an expert witness to testify that people who are hearing impaired typically communicate with exaggerated gestures and facial expressions. The trial court did not allow the expert to testify.

regarding the sperm retrieved during an examination of the victim.

The defendant failed to object to those comments at the trial. He now seeks review of these unpreserved claims pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[2] We have consistently held that the second prong of *Golding* has not been met "where the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial . . . ." (Internal quotation marks omitted.) *State* v. *Lepri*, 56 Conn. App. 403, 416, 743 A.2d 626 (2000). "[I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of the argument. . . . *State* v. *Rogers*, 50 Conn. App. 467, 477–78, 718 A.2d 985, cert. denied, 247 Conn. 942, 723 A.2d 319 (1998). [M]oreover . . . [*Golding*] review of such a claim is unavailable where the claimed misconduct was not blatantly egregious and merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated throughout trial. . . . *State* v. *Cox*, 50 Conn. App. 175, 179, 718 A.2d 60, cert. granted on other grounds, 247 Conn. 928, 719 A.2d 1170 (1998)." (Internal quotation marks omitted.) *State* v. *Bonsu*, 54 Conn. App. 229, 238, 734 A.2d 596, cert.

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

denied, 251 Conn. 909, 739 A.2d 1249 (1999). The claimed misconduct was present in only one portion of the prosecutor's summation. The defendant has "failed to show[3] the presence of a pattern of misconduct that was so pervasive throughout the trial that it deprived him of his right to a fair trial." *State* v. *Lepri*, supra, 417. Accordingly, we decline to review the defendant's claim.

The judgment is affirmed.

---

[3] "The burden is on the defendant to show that the prosecutor's remarks were so prejudicial that he was deprived of a fair trial and the entire proceedings were tainted. *State* v. *Robinson*, 227 Conn. 711, 746, 631 A.2d 288 (1993)." *State* v. *Lepri*, supra, 56 Conn. App. 417 n.13.