[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION, RE: MOTION #145 PLAINTIFFs' FOR SUMMARY JUDGMENT — LIABILITY ONLY
The matter that is currently before the Court concerns the Plaintiff's Motion for Summary Judgment. In light of plaintiff's Motion to Bifurcate the Motion for Summary Judgment (Motion #150) being granted on June 24, 2001 (Devlin J) this Court is only confronted with issues concerning liability at this time.
The plaintiff Edgewood Village, Inc., is a non-stock, non-profit corporation organized pursuant to Chapter 600 of the Connecticut General Statutes and is the owner of real property located at 139 West Avenue in the City of New Haven.
The plaintiff Edgewood Neighborhood Association, Inc., is a Connecticut CT Page 17277 nonstock, non-profit corporation established for the purposes of the preserving and advancing the common good of residents and owners of property in the Edgewood neighborhood, bounded by West Park Avenue, Whalley Avenue, Winthrop and Chapel Street, which neighborhood contains the real property referred to above.
The defendant Housing Authority of the City of New Haven (hereinafter "HANH") is a body corporate and politic existing under the provisions of § 8-40 of the Connecticut General Statutes.
The defendant Gracie White is a tenant of HANH and resides at 145 West Park Avenue, the property that is the subject of this action.
Pursuant to § 8-40 C.G.S., the defendant HANH is authorized, in part, to purchase or acquire real and personal property for use as a proposed "housing project" as that term is defined in § 8-39 (i) C.G.S. This statute provides that:
 "Housing project" means any work or undertaking (1) to demolish, clear or remove buildings from any slum area, which work or undertaking may embrace the adaptation of such area to public purposes, including parks or other recreational or community purposes; or (2) to provide decent, safe and sanitary urban or rural dwellings, apartments or other living accommodations for families of low or moderate income, which work or undertaking may include buildings, land, equipment, facilities and other real or personal property for necessary, convenient or desirable appurtenances, streets, sewers, water service, parks, site preparation, gardening, administrative, community, recreational, commercial or welfare purposes and may include the acquisition and rehabilitation of existing dwelling units or structures to be used for moderate or low rental units; or (3) to accomplish a combination of the foregoing. The term "housing project" also may be applied to the planning of the buildings and improvements, the acquisition of property, the demolition of existing structures, the construction, reconstruction, alteration and repair of the improvements and all other work in connection therewith and may include the reconstruction, rehabilitation, alteration, or major repair of existing buildings or improvements which were undertaken pursuant to parts II and VI of this CT Page 17278 chapter.
Section 8-44 (d) of the Connecticut General Statutes provides that in addition to the powers granted by other sections of the Connecticut General Statutes, a Housing Authority shall have the power to:
 . . . [D]emise any dwellings, houses, accommodations, lands, buildings, structures or facilities embraced in any housing project and, subject to the limitations contained in this chapter, to establish and revise the rents or charges therefor; to own, hold and improve real or personal property; to purchase, lease, obtain options upon or acquire, by gift, grant, bequest, devise or otherwise, any real or personal property or any interest therein, provided no real property or interest therein shall be acquired for the site of a proposed housing project until the housing authority has held a public hearing concerning such site, notice of which has been published in the form of a legal advertisement in a newspaper having a substantial circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen nor less than ten days, and the last not less than two days, before such hearing; to insure or provide for the insurance of any real or personal property or operations of the authority against any risks or hazards; to procure insurance or guarantees from the federal government of the payment of any debts or parts thereof, whether or not incurred by such authority, secured by mortgages on any property included in any of its housing projects. (emphasis added)
Prior to March 1, 1997, the defendant HANH decided to acquire a parcel of real property located at 145 West Park Avenue in the City of New Haven. The property is a single family home located adjacent to the property owned by the plaintiff Edgewood Village, Inc. HANH intended to use said property as a "scattered site" housing project.
On March 1, 1997 and March 8, 1997, the defendant HANH published notices of a public hearing for March 11, 1997 regarding its potential acquisition of two properties, 63 Fulton Street and 145 West Park Avenue (the subject property). Said notices gave notice that pursuant to §8-44 C.G.S., HANH was going to hold a public hearing on March 11, 1997. The subject of the proposed hearing was the acquisition of the subject property as well as the Fulton Street property. CT Page 17279
The plaintiffs in the instant action assert that the defendant HANH did not comply with the provisions of § 8-44 C.G.S. when they published their notices concerning acquisition of the property located at 145 West Park Avenue, New Haven, CT. Specifically the plaintiffs assert that the notices published by HANH did not meet the time requirements specified in subsection 8-44 (d) C.G.S., which provides in pertinent part that:
 . . . [N]o real property or interest therein shall be acquired for the site of a proposed housing project until the housing authority has held a public hearing concerning such site, notice of which has been published in the form of a legal advertisement in a newspaper having a substantial circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen nor less than ten days, and the last not less than two days, before such hearing. . . . (emphasis added)
As a remedy for the alleged violation of § 8-44 C.G.S., the plaintiffs, pray for the following relief:
 1. That the Superior Court enter an Order declaring the defendant Housing Authority of the City of New Haven's acquisition of 145 West Park Avenue void abinito because the Housing Authority lacked jurisdiction to take any action to acquire 145 West Park Avenue on March 11, 1997 and furthermore pursuant to 42 U.S.C. § 1437 p. et seq. and the regulations adopted thereunder Order the Housing Authority to dispose of the property to the plaintiff Edgewood Village, Inc. as a non-profit organization.[1]
 2. That the plaintiffs be allowed to tax its costs as provided by statute.
Although the previous versions of the plaintiffs' Complaint explicitly included the word "injunction" in its claim for relief this, the most recent version of the Complaint does not. However since the plaintiffs are seeking to have the Court to order the defendant HANH to dispose of the subject property, the Court's injunctive powers are necessarily implicated.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
CT Page 17280 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The plaintiff filed the following documents along with its motion:
 1) An Affidavit of Mark Roffinan, President of Edgewood Neighborhood Association, Inc.
 2) A copy of the HANH's notice in the March 1, 1997 Hew Haven Register.
 3) A copy of the HANH's notice in the March 8, 1997 New Haven Register.
The affidavit of Mark Roffman provides in pertinent part that:
 6. The two notices published in the New Haven Register, the first published on March 1, 1997 and the second published on March 8, 1997, attached hereto as Exhibit "A" and Exhibit "B", respectively, purportedly relate to the Housing Authority of New Haven's acquisition of 145 West Park Avenue, New Haven, Connecticut.
 7. The first of the above-referenced legal notices dated March 1, 1997 was issued only nine (9) days prior to the March 11, 1997 public hearing concerning 145 West Park Avenue.
It is the law in this state that when the time requirements for notice are computed, the terminal days are excluded. Lauver v. Planning ZoningComm. of Canterbury, 60 Conn. App. 504, 507 (2000); Lunt v. Zoning Boardof Appeals, 150 Conn. 532, 536 (1963). The plaintiff has provided the CT Page 17281 Court with evidence by way of a sworn affidavit that the notice in the matter at bar was published on March 1, 1997 and the meeting referred to in said notice was held on March 11, 1997. Excluding the terminal days, only nine days passed between the notice and the meeting. The defendant's have not provided any information by way of affidavits or other evidence to rebut plaintiffs' assertion.
The plaintiffs assert that the HANH did not have the authority to purchase the subject property. They propose as a remedy for the violation of state statute that the court order the defendant HANH to divest itself of the subject property by disposing of it to the plaintiff Edgewood Village, Incorporated as a non-profit organization. After completing its review of the file and in light of the form of relief requested by the plaintiff, this court has become concerned as to the issue of whether the plaintiffs have standing to use this court to obtain the relief that they seek.
A review of the file indicates that the issue of standing was previously raised and addressed earlier by a judge of the superior court. See Motion #125 Memorandum of Decision, Re: Motion to Dismiss, May 24, 2000 (Thompson, J). The court found that the plaintiffs did not have standing to use this court to contest an alleged failure of HANH to follow its internal guidelines as to the location of scattered site housing and granted the motion to dismiss on the issues in the complaint concerning the same. However, the court denied the motion to dismiss as it related to issues concerning a violation of § 8-44.
 . . . "It is a basic principle of our law . . . that the [plaintiff] must have standing in order for a court to have jurisdiction to render a declaratory judgment." (Internal quotation marks omitted.) Connecticut Assn. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Thus, standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." (Internal quotation marks omitted.) Lewis v. Swan, 49 Conn. App. 669, CT Page 17282 675, 716 A.2d 127 (1998); see also Gay Lesbian Law Students Assn. v. Board of Trustees, 236 Conn. 453, 463, 673 A.2d 484 (1996).
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 205 (2001).
Our case law is clear that standing implicates the court's subject matter jurisdiction:
 . . . "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Steeneck v. University of Bridgeport, 235 Conn. 572, 580, 668 A.2d 688 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. (Internal quotation marks omitted.) Salmon v. Dept. of Public Health Addiction Services, 58 Conn. App. 642, 649, 754 A.2d 828, cert. granted on other grounds, 254 Conn. 926, 761 A.2d 754 (2000).
 Ardito v. Olinger, 65 Conn. App. 295, 300 (2001).
 The question of standing may be raised by any of the parties, or by the court, sua sponte, at any time during judicial proceedings. In re Michelle G., 52 Conn. App. 187, 190, 727 A.2d 226 (1999), and cases therein cited.
 Grabowski v. City of Bristol, 64 Conn. App. 448, 450 (2001).
 It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066
(1985). Practice Book 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
 "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11." Craig v. Bronson, 202 Conn. 93, CT Page 17283 101, 520 A.2d 155 (1987). "`[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . .'" Neyland v. Board of Education, 195 Conn. 174, 181, 487 A.2d 181 (1985), quoting Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571
(1981). "The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." (Internal quotation marks omitted.) Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987); Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." Laurel Park, Inc. v. Pac, 194 Conn. 677, 679 n. 1, 485 A.2d 1272
(1984); see also Practice Book 145.
 Lewis v. Gaming Policy Board, 224 Conn. 693, 698 (1993).
As was previously stated, a coordinate judge of the superior court has already addressed the issue of standing. Normally, the "law of the case doctrine" limits the review of a coordinate judge's decisions, however the court's concerns in the current matter implicate it's subject matter jurisdiction and therefore the issue of standing must be revisited before the court may proceed.
 [Our appellate court] has held that when the jurisdiction of the trial court is implicated, an adjudicator is not bound by the law of the case doctrine, but should consider independently the issue of jurisdiction. West brook v. Savin Rock Condominiums Assn., Inc., 50 Conn. App. 236, 240, 717 A.2d 789
(1998). "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) Id.
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one CT Page 17284 further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Blakeney v. Commissioner of Correction, 47 Conn. App. 568, 572,
 Pinchbeck v. Dept. of Public Health, Supra at 207 (2001).
This court is concerned with the issue as whether the plaintiffs have standing to bring an action for the violation of the notice provisions of § 8-44 of the Connecticut General Statutes.
 . . . "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Citation omitted; internal quotation marks omitted.) Steeneck v. University of Bridgeport,
supra, 235 Conn. 579. "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Pomazi v. Conservation Commission, 220 Conn. 476, 483, 600 A.2d 320 (1991).
 Avalonbay Communities, Inc. v. Town of Orange, 256 Conn. 557, 568 (2001).
Plaintiffs allege that the defendant HANH violated the notice provisions of § 8-44 of the Connecticut General Statutes. Neither this section of the statutes, nor any provision in Chapter 128 of the Connecticut General Statutes provides any authorization to bring a lawsuit for a violation of this section of the statutes. This being the case, the court cannot find that the plaintiffs are statutorily aggrieved. The issue then is whether or not the plaintiffs are "classically" aggrieved.
The instant action concerns a defect in the noticing of the public CT Page 17285 hearing that took place on March 11, 1997. Instead of giving notice "not less than ten days" as required by statute, the defendant HANH gave notice nine days before the hearing. In order for the plaintiffs to be classically aggrieved, they must demonstrate not only that they have been injured by the statutory violation, they must demonstrate that they have a specific personal and legal interest in the subject matter of the alleged violation of statutory notice.
 "The test for aggrievement long recognized [by the Connecticut Supreme Court] is set forth in [its] decision in State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 524 A.2d 636
(1987). There [it] stated that [t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven,
[supra, 193 Conn. 65]. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953). Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980). . . . [State Medical Society v. Board of Examiners in Podiatry, supra,] 299-300. The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 493, 400 A.2d 726 (1978). . . . United Cable Television Services Corp. v. Dept. of Public Utility Control, 235 Conn. 334, 342-43, 663 A.2d 1011
(1995).
 Northeast Parking v. P. Z. Com. of Windsor Locks, 47 Conn. App. 284,288 (1997).
 In determining whether a complaint is subject to dismissal for lack of jurisdiction, "a court must take CT Page 17286 the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 Pinchbeck v. Dept. of Public Health, Supra at 208.
Construing the allegations in a manner most favorable to the pleader in the instant action, the court finds that the only allegations concerning the plaintiffs' standing are found in paragraph 9 of the Second Amended Complaint. In this paragraph the plaintiffs assert that they:
 . . . "[W]ere deprived of their due process of law and the opportunity afforded to them by statute to attend the public hearing and comment of the acquisition of the property."
The issues raised by the plaintiffs in their Second Amended Complaint concerning the opportunity to attend the public hearing and comment on the subject matter of the hearing go to the concerns of the general community at large and do not appear to demonstrate that the plaintiffs were affected by the violation of § 8-44 C.G.S., in a specific and personal manner. The fact that the subject matter of the notice dealt with a property that is in close proximity of the plaintiffs' real property also does not give the plaintiffs' standing. Unlike Chapter 124 of the Connecticut General Statutes wherein the state's legislature confers aggrievement status to individuals owning land located within a certain radius of the land that is the subject of the action (see § 8-8 (1) of the Connecticut General Statutes). This statute does not have this type of language and therefore it does not appear that it was the legislature's intent to confer standing or aggrievement status on abutting property owners merely on the basis of the location of their residence or property.
In addition to the foregoing, the request for relief demonstrates the plaintiffs may lack standing in this matter. The plaintiffs do not request declaratory relief as to whether the hearing was properly held or whether the issues discussed at the hearing were properly before HANH, or even if the decision to acquire the subject property was valid or void abinitio.[2] Instead the plaintiff's demand that the court order the defendant HANH to "dispose of the property to the plaintiff Edgewood Village, Inc. as a non-profit organization." It should be noted that this is the first time that this particular form of relief appears in this matter. It was not presented in the original complaint, the amended complaint or in the related matter that was dismissed and cited CT Page 17287 in the court's memorandum Re: Motion to Dismiss #125. EdgewoodVillage v. Housing Authority of New Haven, CV 97-0402408 (Sullivan, J). It therefore could not have been a part of the considerations of the court in its review of the issue of the plaintiffs' standing before this time.
The issue of the court's subject matter jurisdiction must be addressed before it can proceed any further. In light of the foregoing, the plaintiff's Motion for Summary Judgment is denied without prejudice at this time. Whereas the court has raised the issue of the subject matter jurisdiction sua sponte, it will give the parties the opportunity to address the issues that it has raised before making a decision as to its jurisdiction. The parties are therefore ordered to address the issues raised by the court by filing simultaneous memorandum (as well as any supporting documentation that the parties deem necessary) supporting their positions on or before January 31, 2002.
Richard A. Robinson, J