STATE OF CONNECTICUT *v.* CRUZ SAEZ
(AC 22285)

Dranginis, Flynn and Bishop, Js.

Argued February 25—officially released April 29, 2003

*Damon A. R. Kirschbaum*, special public defender, for the appellant (defendant).

*Susan C. Marks*, supervisory assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, *Melissa L. Streeto*, deputy assistant state's attorney, and *Eva B. Lenczewski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Cruz Saez,[1] appeals from the judgment of conviction, rendered after a jury trial, of two counts of aggravated sexual assault in the first degree in violation of General Statutes § 53a-70a (a) (1) and one count of unlawful restraint in the first degree in violation of General Statutes § 53a-95. The sole issue on appeal is whether prosecutorial misconduct occurred during closing argument, which deprived the defendant of his due process rights and a fair trial.[2] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On or about February 1, 2000, the seventeen year old victim, A, visited the home of the defendant and his girlfriend to receive a tattoo.[3] While at the defendant's home, A explained that she did not have a place to stay,

---

[1] The defendant's full name is Cruz Saez Rivera. The defendant has been referred to by various combinations of his first, middle and last names.

[2] On June 15, 2001, the court sentenced the defendant to a total effective term of thirty-five years imprisonment, including a ten year mandatory minimum period of incarceration and five years of special parole.

[3] In accordance with General Statutes § 54-86e, we will not identify the victim by name, but will refer to her as "A."

and the defendant suggested that A live with him and his girlfriend. After moving in, the defendant began making sexual advances toward A, telling her she was pretty and that he wanted to have sex with her. He repeatedly pressured her to have sex with him even though A repeatedly explained that she was not interested. On February 4, 2000, he had forcible vaginal intercourse with her, threatened to kill her and instructed her to tell no one.

A initially refused to call the police because she was afraid the defendant would try to kill her, but her friend's mother convinced her to do so a few days later. William Howard Jones, a detective with the Waterbury police department, took A's complaint. A picked the defendant out of a photographic array, and Jones collected the clothing A was wearing on February 4, 2000, for forensic testing. Jones arrested the defendant on February 9, 2000, and seized his gun. DNA tests confirmed that the defendant's semen was present on the victim's clothing. The defendant's version of the events of February 4, 2000, was quite different. The defendant did not dispute that they had sex; rather, he testified that they had a consensual sexual relationship.

The defendant claims that certain statements made by the prosecutor in her closing argument deprived him of a fair trial.[4] The defendant argues that during the state's initial closing argument, the prosecutor improperly "(1) appeal[ed] to the emotions, passions and prejudices of the jury during her closing argument, (2) refer[ed] to facts not in evidence during her closing argument, (3) express[ed] her personal opinion about [A's] veracity during her closing argument, (4)

---

[4] The defendant claims that his due process rights were violated under both the federal and state constitutions, but he has not provided a separate analysis for his state constitutional claim. Accordingly, we deem it abandoned and will not afford it review. See *State* v. *Cruz*, 75 Conn. App. 500, 505–506 n.5, 816 A.2d 683 (2003).

express[ed] her personal opinion about the defendant's veracity during her closing argument, (5) express[ed] her personal opinion about the guilt of the defendant and (6) present[ed] matters to the jury during her closing argument which [it] should not have considered." The defendant challenges, among other remarks, the following statements made by the prosecutor: "Maybe you feel [A] was naive to trust someone she didn't know [but] . . . no one deserved to be brutalized for trusting"; "[i]t might have helped to see what a den of wolves she walked into"; "she was a vulnerable young girl trying to fend for herself"; "[h]e was a twice convicted felon"; "I would instruct you [that A's] ['no'] so enraged the defendant that he became determined to . . . completely humiliate [her] . . . to ensure that she got his message, that 'no' was not acceptable"; and "the version of events that you heard from the defendant was a creation of his fantasy world . . . where you can have sex with a young girl multiple times . . . after you've argued . . . she is going to beg you for sex, and, of course, how can you refuse . . . ."

The defendant did not preserve the issue for appeal and, therefore, seeks review of his unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), the plain error doctrine; Practice Book § 60-5; or our inherent supervisory authority over the administration of justice. "It is well settled . . . that a defendant may not prevail under *Golding* or the plain error doctrine unless the prosecutorial impropriety was so pervasive or egregious as to constitute an infringement of the defendant's right to a fair trial, nor will [this court] invoke [its] supervisory authority to reverse an otherwise lawful criminal conviction absent a showing that the conduct of the prosecutor was so offensive to the judicial process that a new trial is necessary to deter such misconduct in the future." *State* v. *Satchwell*, 244 Conn. 547, 564, 710 A.2d 1348 (1998).

"Prosecutorial misconduct can occur in the course of closing argument. . . . Our standard of review of a claim of prosecutorial misconduct that allegedly results in an unfair trial is well established. [T]o deprive the defendant of his constitutional right to a fair trial . . . the prosecutor's conduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." (Internal quotation marks omitted.) *State* v. *L'Minggio*, 71 Conn. App. 656, 675–76, 803 A.2d 408, cert. denied, 262 Conn. 902, 810 A.2d 270 (2002).

"The defendant seeks *Golding* review for his unpreserved claims, as he must, because he failed to object to the comments at trial or to request a curative charge. . . . When one fails to do either of those, we have presumed that defense counsel did not view the remarks as so prejudicial that his client's right to a fair trial was seriously jeopardized."[5] (Citation omitted; internal quotation marks omitted.) *State* v. *Johnson*, 71 Conn. App. 272, 287, 801 A.2d 890, cert. denied, 261 Conn. 939, 808 A.2d 1133 (2002), cert. denied, 537 U.S. 1207, 123 S. Ct. 1286, 154 L. Ed. 2d 1052 (2003).

[5] "Under *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two steps . . . address the reviewability of the claim, while the last two steps involve the merits of the claim." (Emphasis in original; internal quotation marks omitted.) *State* v. *Johnson*, 71 Conn. App. 272, 287–88, 801 A.2d 890, cert. denied, 261 Conn. 939, 808 A.2d 1133 (2002), cert. denied, 537 U.S. 1207, 123 S. Ct. 1286, 154 L. Ed. 2d 1052 (2003).

"We have consistently held that the second prong of *Golding* has not been met where the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial . . . ." (Internal quotation marks omitted.) *State* v. *Alamo*, 57 Conn. App. 233, 235, 748 A.2d 316, cert. denied, 253 Conn. 912, 754 A.2d 161 (2000). "The burden is on the defendant to show that the prosecutor's remarks were so prejudicial that he was deprived of a fair trial and the entire proceedings were tainted." *State* v. *Lepri*, 56 Conn. App. 403, 417 n.13, 743 A.2d 626, cert. denied, 253 Conn. 902, 753 A.2d 938 (2000). "[I]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of the argument. . . . [M]oreover . . . [*Golding*] review of such a claim is unavailable where the claimed misconduct was not blatantly egregious and merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated throughout trial . . . ." (Internal quotation marks omitted.) *State* v. *Ashe*, 74 Conn. App. 511, 523, 812 A.2d 194, cert. denied, 262 Conn. 949, 817 A.2d 108 (2003); *State* v. *Alamo*, supra, 235.

Accordingly, when applying *Golding* review to the claims of prosecutorial misconduct in the present case, the second prong of *Golding* has not been met because the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial. See, e.g., *State* v. *Alamo*, supra, 57 Conn. App. 236; *State* v. *Lepri*, supra, 56 Conn. App. 416–17. The defendant never objected to the comments, never requested that they be stricken from the record and never requested a curative instruction. The chal-

lenged remarks were isolated and made only during the closing argument. The defendant has failed to establish a sufficient pattern of misconduct pervasive throughout the trial. The comments, furthermore, did not rise to the level of misconduct of constitutional magnitude in violation of a fundamental right. Although some of the prosecutor's remarks were inappropriate,[6] those remarks were not blatantly egregious and were isolated and brief. The defendant's claim is, therefore, not reviewable because it fails to satisfy the second prong of State v. Golding, supra, 213 Conn. 239–40.

The defendant, nonetheless, asks us to review those claims under the plain error doctrine. "Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) State v. Rogelstad, 73 Conn. App. 17, 26 n.6, 806 A.2d 1089 (2002). We conclude that the prosecutor's conduct does not constitute plain error. As previously stated, the prosecutor's comments were not so pervasive or egregious as to constitute an infringement of the defendant's right to a fair trial or so clear and harmful that it resulted in manifest injustice.

We decline, furthermore, to invoke our supervisory powers because the challenged comments were not unduly offensive to the maintenance of a sound judicial process, and the prosecutor did not deliberately engage in conduct that she knew, or ought to have known, was

---

[6] In her closing argument, the prosecutor stated that "[i]t might have helped to see what a *den of wolves* [that A had] walked into" and made a reference to the defendant's prior two convictions. (Emphasis added.)

improper. See *State* v. *Payne*, 260 Conn. 446, 452, 797 A.2d 1088 (2002); *State* v. *Downing*, 68 Conn. App. 388, 403–404, 791 A.2d 649, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002). "[R]eversal is appropriate when there has been a pattern of misconduct across trials, not just within an individual trial." *State* v. *Payne*, supra, 451. We will not exercise our supervisory powers because the defendant has not demonstrated and the record does not disclose any such pattern of misconduct.

The judgment is affirmed.